IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DWAYNE ALMOND,

                 Plaintiff,                 OPINION AND ORDER

    v.

                                                                  21-cv-640-wmc

SABENSON, *et al.*,

                 Defendants.

---

    *Pro se* plaintiff Dwayne Almond brings this lawsuit pursuant to 28 U.S.C. § 1983, alleging various claims against several different groups of defendants, including a state court judge, his lawyer, Milwaukee County Jail psychiatric social workers and corrections officers, a case manager and "Ms. Chirstaine."[1] Almond, however, is subject to a filing bar imposed by the court in 2014. Moreover, he seeks leave to proceed in forma pauperis (dkt. #5), but has struck out under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any future suit he files while subject to the Prison Litigation Reform Act ("PLRA") unless his complaint alleges facts from which an inference may be drawn that he is in imminent danger of serious physical injury. Although it appears that the allegations fall short of that showing, for the following reasons the court will give

---

[1] Almond uses several acronyms throughout his complaint and related filings. The court understands Almond to use "M.C.J" to refer to the Milwaukee County Jail, "P.S.W" to refer to psychiatric social worker, and "M.M.H.I" to refer to the Mendota Mental Health Institute. However, the court cannot discern to what the acronym "M.C.C.H.C" refers.

Almond three weeks to show cause why his complaint should not be dismissed.[2]

## OPINION

Generally, when a plaintiff proceeds *in forma pauperis*, the court is required to screen the complaint, and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief can be granted or asks for money damages from a defendant who by law cannot be sued for money damages. *See* 28 U.S.C. § 1915A, (e)(2). Here, Almond faces two hurdles before screening. As noted, the court imposed a filing bar on him in 2014, such that any new complaint he filed in this district would be dismissed after 30 days unless the court ordered otherwise. *Almond v. Pollard*, Case No. 14-cv-174-bbc (W.D. Wis. 2014) (dkt. #2).) Because Almond's allegations are serious, and unrelated to the allegations that led to the imposition of the bar, the court will reserve deciding whether to exempt his complaint from it pending his response to this order.

Also as noted, Almond has struck out under 28 U.S.C. § 1915(g). *See Almond*, Case No. 14-cv-174-bbc (dkt. #2) 1.) Accordingly, if he is subject to the PLRA, he must plead sufficient allegations to show that he was "under imminent danger of serious physical injury" when he filed his complaint to proceed without paying the full filing fee. 28 U.S.C.

---

[2] Almond has also filed a motion to include as an exhibit a July 15, 2021, competency evaluation and requests the court's assistance with the recruitment of counsel. (Dkt. ##3, 8.) As for the competency evaluation, the court will grant the motion and will consider the exhibit as part of the pleading. However, the court will deny without prejudice Almond's requests for help recruiting a lawyer at this very early stage. Should Almond be allowed to proceed, he may renew his request if he is unable to meet the demands of this lawsuit. In renewing such a motion, Almond should bear in mind that to succeed, he must make a showing that he has made reasonable efforts to recruit an attorney on his own and has been unsuccessful, *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992), and that the legal and factual demands of this lawsuit exceed his abilities to represent herself further, *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

§ 1915(g). The PLRA applies to "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 28 U.S.C. § 1915(h). At the time he filed his complaint, Almond apparently was at Mendota Mental Health Institute for court-ordered treatment to restore him to competency in connection with a pending state criminal case. Although Almond's criminal proceedings were suspended, he remained a person detained and "accused of . . . violations of criminal law" and therefore subject to the PLRA when he filed the complaint. *See Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) ("a person charged with a felony, whose criminal proceedings are held in abeyance during treatment for mental illness," is a "prisoner" within the meaning of the PLRA); *see also Taylor v. Craig*, No. 19-cv-01317-njr, 2020 WL 4334951, at *1 (S.D. Ill. July 28, 2020) (citing *Kalinowski*, 358 F.3d at 979) (pretrial detainee who filed suit while detained at a mental health facility was a "prisoner" under the PLRA and subject to its exhaustion requirement); *cf. Banks v. Robert*, No. 16-cv-720-pp, 2017 WL 1902707, at *2-3 (E.D. Wis. May 8, 2017) (plaintiff confined pending trial on criminal charges remained a prisoner under the PLRA after the court ordered a mental examination).

The court understands Almond to be alleging that a state court judge violated his due process rights in August 2021 by denying him bail and committing him to a mental health institution for treatment to bring him to competency and that one of his attorneys was ineffective for failing to object. (Compl. (dkt. #1) 2-3; Almond Aff. (dkt. #2) at 1-2.) Almond further alleges that certain jail psychiatric social workers, at some point, watched him consume his own body waste without intervening. (Compl. (dkt. #1) 11-12.) More

3

generally, Almond alleges that jail staff ignored his mental health needs and his "seriously chronic distressful pains" from abuse, and denied him clean bedding, clothing, and an opportunity to bathe. (*Id*. at 4-8.)

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Certainly, the court is to construe Almond's allegations generously and avoid a "complicated set of rules about what conditions are serious enough" to constitute a "serious physical injury." *Id.* at 331 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). However, Almond's due process and ineffective assistance of counsel claims do not concern a threat of serious physical injury. As far as ongoing harm, the court understands Almond to be alleging that from early August to at least late September 2021, he was generally abused and left to suffer untreated pain and mental health symptoms, was denied clean bedding and clothing, could not bathe, and was once allowed to eat his own body waste. These are serious allegations, but allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. *Id.* at 330 (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). Almond does not appear to be alleging that he continued to face the same circumstances at Mendota, where he was when he signed his complaint on September 23, 2021, and mailed it on October 6, 2021 (Compl. (dkt. #1) 11; Compl. Env. (dkt. #1-1)), nor does he appear to name any Mendota staff as defendants. It therefore follows that Almond may not satisfy the imminent danger exception found in § 1915(g), and thus may be barred from proceeding without prepayment of the full filing fee in this case.

Still, Almond's pleading and related documents are often difficult to decipher. Out of an abundance of caution, before the court makes a final determination on Almond's eligibility for in forma pauperis status under § 1915(g), it will allow him three weeks to respond to this order and show cause why his complaint should not be dismissed because he was not in imminent danger of serious physical harm when he filed his complaint. If Almond does not file a response by this deadline, the court will deny him leave to proceed in forma pauperis and dismiss this case without prejudice.

ORDER

IT IS ORDERED that:

1) Plaintiff Dwayne Almond's motions for assistance in recruiting counsel (dkt. ##3, 8) are DENIED without prejudice.

2) Plaintiff's motion to submit the July 15, 2021, competency evaluation (dkt. #8) is GRANTED.

3) Plaintiff shall have until **December 28, 2021,** to respond to this order and show cause why his complaint should not be dismissed because he was not in imminent danger of serious physical harm when he filed it.

Entered this 7th day of December, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge